# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOHN MARTIN SPAULDING,

        Petitioner,

vs.                                        Case No.: 3:21-cv-853-MMH-JRK
                                                                3:12-cr-159-MMH-JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner John Martin Spaulding is serving a 456-month prison sentence for two Hobbs Act robbery offenses, in violation of 18 U.S.C. § 1951(a), and two counts of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. 58, Judgment).[1] This case is before the Court on Spaulding's unauthorized successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, Successive § 2255 Motion).

Spaulding raises five grounds in the Successive § 2255 Motion. He asserts that (1) Hobbs Act robbery is not a "crime of violence" under § 924(c) because the Hobbs Act robbery statute "is an indivisible statute that sets forth multiple alternative means of violating the statute"; (2) appointed counsel in Spaulding's

---

[1]     Citations to the record in the underlying criminal case, United States v. Spaulding, Case No. 3:12-cr-159-MMH-JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:21-cv-853-MMH-JRK, will be denoted as "Civ. Doc. __."

1

previous § 2255 proceeding failed to raise various arguments that Spaulding wanted to make; (3) attempted Hobbs Act robbery and aiding-and-abetting attempted Hobbs Act robbery are not crimes of violence based on the Model Penal Code's definition of "attempt"; (4) appointed counsel in the previous § 2255 proceeding violated Spaulding's right to due process by creating a conflict of interest; and (5) the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), invalidates his § 924(c) convictions.

Spaulding previously moved to vacate his sentence under 28 U.S.C. § 2255 in 2016. (See Case No. 3:16-cv-841-MMH-JRK, Doc. 35, Amended First § 2255 Motion; Doc. 36, Memorandum). In the Amended First § 2255 Motion, filed in Case No. 3:16-cv-841-MMH-JRK, Spaulding argued, through appointed counsel, that his § 924(c) convictions violated due process because they rested on the "residual clause," § 924(c)(3)(B), which the Supreme Court held to be unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019). This Court denied the Amended First § 2255 Motion on September 9, 2020. (Case No. 3:16-cv-841-MMH-JRK, Doc. 38). In doing so, the Court found that the "crimes of violence" underlying Spaulding's § 924(c) convictions – i.e., the two Hobbs Act robbery offenses – qualified as "crimes of violence" under the use-of-force clause, § 924(c)(3)(A), not the residual clause. Id. at 9–10. Therefore, the Court concluded that Spaulding's § 924(c) convictions were not unlawful and were not contrary to Davis, 139 S. Ct. 2319. This Court also denied Spaulding

a certificate of appealability (COA). Spaulding filed a notice of appeal, but on February 2, 2021, the Eleventh Circuit Court of Appeals likewise denied Spaulding a COA. Spaulding v. United States, No. 20–13691–F, 2021 WL 1327804 (11th Cir. Feb. 2, 2021).[2]

About seven months after the Eleventh Circuit denied a COA, Spaulding filed the instant Successive § 2255 Motion. However, because Spaulding previously filed a § 2255 motion challenging the same judgment and it was denied, he was required to obtain permission from the Eleventh Circuit Court of Appeals before filing the Successive § 2255 Motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[3] Spaulding did not obtain authorization to file the current motion.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."

---

[2] Spaulding also moved for reconsideration (Case No. 3:16-cv-841-MMH-JRK, Doc. 42), which this Court denied as moot after the Eleventh Circuit denied a COA (id., Doc. 47).

[3] Spaulding appears to argue, in conclusory fashion, that because he filed the Successive § 2255 Motion within one year of when the Court denied his Amended First § 2255 Motion, then the instant § 2255 motion is both timely and "cannot be treated as a 'second or successive' § 2255 [motion]." Successive § 2255 Motion at 10–11. Spaulding offers no authority to support this argument, and he conflates § 2255(f)'s statute of limitations with § 2255(h)'s restrictions on second or successive motions, which are different provisions serving different purposes.

3

28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the Eleventh Circuit has not authorized Spaulding to file a second or successive motion to vacate, the Court lacks jurisdiction over the current Successive § 2255 Motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner John Martin Spaulding's unauthorized successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk will send Spaulding the form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.

3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
<u>Copies</u>:
Parties and counsel of record